Griffith STEINKE, Laura Graser, and Ray Bassel, individually and on behalf of all others similarly situated, Plaintiffs,

v.

WASHINGTON COUNTY, Defendant.

Civ. No. 94–396–FR.

United States District Court,
D. Oregon.

July 1, 1994.

Spencer M. Neal, Portland, OR, Lisa M. LeSage, Ginsburg, Neal & LeSage, Hillsboro, OR, for plaintiffs.

John M. Junkin, County Counsel, Hillsboro, OR, for defendant.

## OPINION

FRYE, Judge:

The matters before the court are (1) the motion of the plaintiffs for a preliminary injunction (# 5); (2) the motion of the plaintiffs for class certification (# 4); and (3) the motion of the defendant to dismiss the amended complaint (# 18).

## BACKGROUND

The plaintiffs and the class of persons that they seek to represent are criminal defense attorneys who represent persons confined in the Washington County Jail in Hillsboro, Or-

egon. The plaintiffs move the court for a preliminary injunction requiring the defendant, Washington County, to provide them with adequate and private space in which they may confer with their clients at the Washington County Jail.

The plaintiffs allege in their amended complaint that the use of the space available to them for client consultations (1) violates the rights of their clients to counsel by inhibiting the full and free communication necessary between their clients who are persons charged with the commission of a crime and their counsel in violation of the Sixth Amendment to the United States Constitution; (2) violates the rights of the plaintiffs to practice their profession according to the highest standards in violation of the Fourteenth Amendment to the United States Constitution; and (3) violates the rights of the plaintiffs to free speech in violation of the First Amendment to the United States Constitution. Amended Complaint, pp. 6–7, paras. 7.1, 7.2 and 7.3.

The plaintiffs describe in an affidavit the three areas available at the Washington County Jail for attorney-client interviews as follows:

a. Second floor. This is one long room where all male inmate-interviewees are located on one side of a windowed wall with the attorneys or investigators on the other side of the wall. There are two enclosed booths with glass separating attorney and client and small paper-passing openings between attorney and inmate. The attorney side of the booths are separate from each other, but the inmate area opposite these booths are open to each other with only a partial wall between them. The remainder of the attorney side of the room consists of a bank of about four "telephones" connected to "telephones" on the other side. Anything an inmate says in a normal conversational tone is apt to be heard by any other inmate who may be present. Anything said on either side in the "telephone" area may be heard by any one on the same side of the room.

b. Third floor. This area is for the interviewing of female inmates. This area is immediately adjacent to the "office" area where the corrections staff tends to congregate. There is a window with an opening at the bottom that goes into the "office" within three feet of where the attorney sits. The mode of communication is through a "telephone" to another "telephone" on the other side where the female inmate sits. There is a glass window between attorney and client. The "telephone" system is such that it requires raising the voice to be clearly heard. It would appear that corrections staff is in a position to eavesdrop on attorney client communications at will.

c. The "law library". This room is located on the second floor. It contains some law books and a couple of chairs. At times it has also contained a large typewriter and other objects. There is a single door to the room and there is a very small window in the door about five feet off the floor. When the door is closed it locks and must be opened by corrections staff. It often takes several minutes for corrections staff to respond to open the door at the conclusion of the interview.

Affidavit of Timothy M. Bowman, pp. 1–2.

The plaintiffs argue that there is no space available in the second floor visiting area for private attorney-client consultations with male inmates, and that the space for attorney-client consultations with female inmates is less private even than the space for male inmates. The affidavits further show that the only site available for private consultations is the inmate law library provided for the inmates, and this space is inadequate because it is not available on a regular basis.

In summary, the plaintiffs contend that the space available to criminal defense attorneys who wish to confer with their clients is neither private nor safe.

## CONTENTIONS OF THE PLAINTIFFS

The plaintiffs contend that the court should enter a preliminary injunction because the space provided to them by Washington County to confer with their clients at the Washington County Jail is constitutionally inadequate to protect the rights of their clients to the effective assistance of counsel

as well as their own right to practice their profession and to speak freely.

The plaintiffs explain that they are forced to confer with their clients under circumstances in which they risk (1) the loss of the privilege of attorney-client confidentiality because of the lack of privacy; and (2) the reluctance of clients to be candid in their conversations because others can overhear them and then use those statements against them. The plaintiffs argue that the loss of confidentiality necessary to the provision of the effective assistance of counsel under the Sixth Amendment to the United States Constitution qualifies as irreparable injury for which preliminary relief is required.

## CONTENTIONS OF THE DEFENDANT

Washington County contends that the court should dismiss this action because the plaintiffs do not have direct standing to assert that the actions of Washington County have violated the sixth amendment rights of their clients.

Washington County recognizes that a plaintiff may raise the constitutional rights of another when the relationship between the plaintiff and that other party is inextricably entwined. However, Washington County contends that in order for the plaintiffs to raise the sixth amendment rights of their clients, the claims of the clients under the sixth amendment must be properly before the court and ripe for review.

Washington County contends that the rights of the clients of the plaintiffs are not properly before this court because the issues put forth were resolved by two consent decrees over which the court continues to maintain jurisdiction in *Jungwirth v. Barnes*, No. 83–634, regarding male inmates at the Washington County Jail, and *Davis v. Friese*, No. 83–1272, regarding female inmates at the Washington County Jail.

Washington County further contends that the plaintiffs have not demonstrated the probability of success on the merits in that the plaintiffs have not alleged facts to demonstrate that the conditions at the Washington County Jail substantially prejudice the rights of their clients.

## APPLICABLE STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

## APPLICABLE LAW

Adequate consultation between attorney and client is an essential element of competent criminal representation of a criminal defendant. *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir.1983). The amount of consultation required will depend upon the facts of each case; however, the consultation should be sufficient to determine all legally relevant information known to the defendant. *Id.* at 581–82.

## ANALYSIS

The Sixth Amendment to the United States Constitution only protects the rights of criminal defendants. *Portman v. County of Santa Clara*, 995 F.2d 898 (9th Cir.1993). A plaintiff may raise the constitutional rights of another when the relationship between the plaintiff and that other party is inextricably entwined. *See, e.g., Keker v. Procunier*, 398 F.Supp. 756, 764–65 (E.D.Cal. 1975).

Washington County does not argue that the relationships between these defense attorneys and their clients are not "inextricably entwined." Washington County asserts that the issue of the adequacy and privacy of the space provided by the Washington County Jail for attorney-client consultations underlies all claims in this action, and that this issue was directly addressed and resolved in the *Jungwirth* case and the *Davis* case. Washington County argues that it should not

be forced to re-litigate these issues and risk inconsistent results absent some attempt to resolve the alleged problems with confidentiality within the terms of the existing consent decrees which remain under court jurisdiction "to make further orders as may be necessary to aid in compliance." *Jungwirth*, Consent Decree, p. 6, para. H; *Davis*, Consent Decree, p. 4, para. 10.

As an alternative to dismissal, Washington County asks the court to stay these proceedings pending resolution of the issues which are the subject of the consent decrees in *Jungwirth* and *Davis*.

The plaintiffs retort that they have standing to assert their legally protected interests (1) in practicing their professions according to its highest standards; and (2) in communicating privately with their clients. The plaintiffs contend that the issue of their right to practice their profession competently without compromising the rights of their clients was not raised in the prior lawsuits. In addition, the plaintiffs argue that their right to practice their profession competently and their first amendment rights are personal to themselves and not simply derivative of the claims of their clients.

The provisions of the consent decrees in both *Jungwirth* and *Davis* specifically address the issue of adequate space for confidential attorney-client conferences.

The consent decree in *Jungwirth* entered by the Honorable James A. Redden, United States District Judge, on January 3, 1984, states:

> In addition to the now-existing attorney booths in the Washington County Jail second floor visiting area, the defendants shall set aside the hours of 10:00 a.m. to 12:00 noon daily in the Washington County Jail Law Library for purposes of attorney/client interviews. In addition, and dependent upon its use by inmates for legal research, the Jail Law Library shall be made available, upon request, during other times of the day for attorney/client interviews. In the event that the Jail Law Library is not available for attorney/client interviews, the defendants, upon request, shall make reasonable efforts to attempt to secure other areas within the Washington County Jail for confidential attorney/client interviews.

*Id.* at p. 4, para. C.

The consent decree in *Davis* entered by the Honorable Michael R. Hogan, then a United States Magistrate Judge, on June 16, 1986, states: "Defendants shall make available to female inmates private and confidential space within the jail to have attorney-inmate conferences. *Id.* at p. 2, para. 4.

In each of these consent decrees, the judge stated that the court will maintain jurisdiction over the matters addressed "to make further orders as may be necessary to aid in compliance" with the consent decrees. *Jungwirth*, p. 6, para. H; *Davis*, p. 4, para. 10.

The claim of the plaintiffs here is that the Washington County Jail is not providing adequate space for private and confidential attorney-inmate conferences. The court in *Jungwirth* and in *Davis* maintains jurisdiction to address this very issue.

This court finds that the interests of justice as well as the interests of judicial economy require that the plaintiffs attempt to resolve the issues of adequate space for private and confidential attorney-inmate conferences in the context of *Jungwirth* and *Davis*. The district court in each of these cases has jurisdiction over these issues.

## CONCLUSION

The motions of the plaintiffs for a preliminary injunction (# 5) and for class certification (# 4) are denied with leave to renew after transfer. The motion of the defendant to dismiss the amended complaint (# 18) is denied. This action is transferred to Judge Redden for further action consistent with his continued jurisdiction in the *Jungwirth* case.